UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY GLENN<br>7325 Northridge Road Apt. B-9<br>Madison, OH 44057<br><br>and<br><br>ANNIE HOLLOWAY<br>27251 Brush Ave., Apt. 57<br>Euclid, OH 44132<br><br>on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NIGHTINGALE HOME SUPPORT & CARE, INC.<br>89 Chester Street<br>Painesville, OH 44077<br><br>and<br><br>'S' GENERATION CENTER, INC.<br>460 Chardon Street<br>Painesville, OH 44077<br><br>and<br><br>STELLA NSONG<br>c/o 'S' Generation Center, Inc.<br>460 Chardon Street<br>Painesville, OH 44077<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiffs Kimberly Glenn and Annie Holloway, by and through counsel, and for their Complaint against Nightingale Home Support & Care, Inc., 'S' Generation Center, Inc., and Stella Nsong ("Nightingale"), state and allege the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of misclassifying their home health aides, including Plaintiffs, as independent contractors, failing to pay them minimum wages for all hours worked and overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 for failure to pay overtime compensation in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

2. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule[1] ("Final Rule") to extend minimum wage and overtime protections to almost 2 million home care workers. The Final Rule was challenged in federal court, but on August 21, 2015, the District of Columbia Circuit Court of Appeals in *Home Care Association of America v. Weil*, 78 F.Supp. 3d 123 (D.C.Cir. 2015), issued a unanimous opinion affirming the validity of the Final Rule. This opinion upholding the Home Care Final Rule became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Home Care Final Rule had an effective date of January 1, 2015.[2]

---

[1] Application of the Fair Labor Standards Act to Domestic Service, Fed. Reg. 60453, 60557 (Oct. 1, 2013) (amending 29 C.F.R. Part 552).
[2] http://www.dol.gov/whd/homecare/litigation.htm

3. Under the Final Rule, companies that provide home health care services to customers are required to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek. Despite these requirements, Defendants have filed to pay their home health aides overtime compensation since January 1, 2015.

4. Also since January 1, 2015, Defendants have failed to pay Plaintiffs and other similarly-situated home health aides for all of the hours they worked during their workday, including work performed between client appointments. Such work includes but is not limited to driving to and from client homes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

6. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendants' principle place of business is in Painesville, Ohio, Defendants conduct business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

8. At all times relevant herein, Plaintiff Glenn was a citizen of the United States, and a resident of Lake County, Ohio.

9. At all times relevant herein, Plaintiff Holloway was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

10. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

11. At all times relevant herein, Defendants maintained their principal place of business in Lake County, Ohio.

12. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

13. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. 203(r).

14. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

15. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

16. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

17. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

## FACTUAL ALLEGATIONS

18. Defendants are home health care businesses.

19. Plaintiff Glenn was employed by Defendants between April 13, 2016 and May 18, 2016.

20. Plaintiff Holloway was employed by Defendants between July 17, 2016 and September 30, 2016.

21. At all times relevant herein, Plaintiffs have been employed by Defendants as home health aides.

22. Other similarly-situated employees were employed by Defendants as home health aides.

23. Defendants improperly classified Plaintiffs and other similarly-situated home health aides as independent contractors rather than employees under the FLSA and OMFWSA.

24. Plaintiffs and other similarly-situated home health aides were paid an hourly wage.

**(Misclassification of home health aides)**

25. Defendants classify each home health aide as an "independent contractor", to avoid its obligations to pay employees pursuant to the FLSA, as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance, and to pass on Defendants' operational costs to their work force.

26. However, at all times, home health aides were employees of Defendants.

27. The work performed by Plaintiffs and other similarly-situated home health aides constituted the only essential part of Defendants' business operations as a provider of home health aides to elderly individuals in their home.

28. A substantial portion of Defendants' annual revenue is derived from work performed by their home health aides.

29. Defendants set Plaintiffs' and other similarly-situated home health aides' schedules, and Plaintiffs and other similarly-situated home health aides were not required to advertise or to bring in new clients.

30. The opportunities for profit or loss of Plaintiffs and other similarly-situated home health aides were established unilaterally by Defendants. Defendants controlled the scheduling and set the hourly rate(s). Moreover, Plaintiffs and other similarly-situated home health aides did not advertise or market their services.

31. Defendants controlled the manner in which Plaintiffs and other similarly-situated home health aides' work was performed, including without limitation, the time they worked, the rules and polices they were required to follow, and specific forms that were required to be completed for each appointment.

**(Failure to Pay Overtime Compensation)**

32. Plaintiffs and other similarly-situated home health aides worked more than 40 hours per week, but Defendants failed to pay them overtime compensation for the hours they worked over 40 each workweek.

33. Rather than paying overtime compensation, Plaintiffs and other similarly-situated home health aides were only paid straight time for the hours they worked over 40 each workweek.

34. Plaintiff Glenn estimates that she worked on average between 40-49 hours each week.

35. Plaintiff Holloway estimates that she worked on average over 50 hours each week.

36. Defendants had knowledge that Plaintiffs worked over 40 hours per week as Defendants require all of its home health aides to submit paperwork showing the clients they visited and the number of hours spent with each client.

37. Defendants knowingly and willfully failed to pay Plaintiffs overtime compensation for all of the hours they worked over 40 hours each week.

**(Failure to Pay Minimum Wage)**

38. For several weeks, Defendants failed to pay Plaintiffs any wages for the work they performed.

39. Defendants failed to pay Plaintiffs the minimum wage in the workweeks in which Defendants did not pay Plaintiffs any wages.

40. Plaintiff Glenn estimates that she worked between 40-49 hours in those workweeks.

41. Plaintiff Holloway estimates that she worked over 50 hours in those workweeks.

42. Defendants knowingly and willfully failed to pay Plaintiffs the minimum wage in those workweeks.

**(Failure to Pay for All Hours Worked)**

43. Plaintiffs and other similarly-situated home health aides were paid by Defendants for time spent at client appointments.

44. Plaintiffs and other similarly-situated home health aides performed work between client appointments, including but not limited to driving to and from client homes.

45. However, Defendants did not pay Plaintiffs and other similarly-situated home health aides for all of the hours they worked between client appointments.

46. All of these activities occurred between the commencement of their first principal activity and the completion of their last principal activity during the workday, and thus, are compensable under the continuous workday rule.

47. As a result of Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides for all of the work they performed between client appointments, Plaintiffs and other similarly-situated home health aides were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

48. Defendants failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiffs and other similarly-situated home health aides, including time worked between client appointments.

**(Defendants Willfully Violated the FLSA)**

49. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

50. Plaintiffs bring Counts One and Two of this action on their own behalf pursuant to 29 U.S.C. 216(b) and O.R.C. § 4111.14(K), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

51. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former home health aides employed by Nightingale Home Support & Care, Inc. and/or 'S' Generation Center, Inc. at any time between January 1, 2015 and the present.

52. The amount of some of the overtime hours Plaintiffs and other similarly-situated home health aides worked are reflected on their time sheets and pay stubs.

53. Plaintiffs are unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least 100 persons.

54. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

55. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

56. Plaintiffs bring Count Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All current and former home health aides employed by Nightingale Home Support & Care, Inc. and/or 'S' Generation Center, Inc. at any time between January 1, 2015 and the present.

57. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs are unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

58. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

   (a) whether Defendants failed to pay overtime compensation to their home health aides for hours worked in excess of 40 each workweek; and

   (b) what amount of monetary relief will compensate Plaintiffs Kimberly Glenn and Annie Holloway and other members of the class for Defendants' violation of R.C. 4111.03 and 4111.10.

59. The claims of the named Plaintiffs are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

60. Named Plaintiffs Kimberly Glenn and Annie Holloway will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

61. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

63. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

64. Defendants' practice and policy of misclassifying Plaintiffs and other similarly-situated home health aides as independent contractors violated the FLSA, 29 U.S.C. §§ 201-219.

65. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides the minimum wage for all of the hours they worked each workweek violated the FLSA, 29 U.S.C. 206 and 216(b).

66. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

67. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides for work performed between client appointments violated the FLSA, 29 U.S.C. § 207.

68. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated home health aides violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

69. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

70. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.14)

71. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

72. Defendants' practice and policy of misclassifying Plaintiffs and other similarly-situated home health aides as independent contractors violated the OMFWSA, O.R.C. § 4111.14.

73. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides the minimum wage for all of the hours they worked each workweek violated the OMFWSA, O.R.C. § 4111.14.

74. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated home health aides violated the OMFWSA, O.R.C. § 4111.08.

## COUNT THREE
### (Violations of Ohio Revised Code 4111.03)

75. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

76. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

77. Defendants' practice and policy of not paying Plaintiffs and other similarly-situated home health aides for work performed between client appointments violated the OMFWSA, R.C. 4111.03.

78. By failing to pay Plaintiffs and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

79. As a result of Defendants' practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court find Defendants jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the Rule 23 pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and O.R.C. § 4111.14(K);

C. Award Plaintiffs and the class they represent actual damages for unpaid overtime compensation and minimum wages;

D. Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs and the class under the FLSA;

E. Award Plaintiffs and the class they represent liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiffs and the class under the OMFWSA;

F. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

G. Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

H. Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

  /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com

lori@lazzarolawfirm.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

 /s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiffs